UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RELIANCE COMMODITIES, LLC,                  :
                                            :
                          Plaintiff,        :            07 CV _____
                                            :            MAY 2 3 2007
          - against -                       :            ECF CASE
                                            :
CEMENTAI GROUP INTERNATIONAL LIMITED,       :
                                            :
                          Defendant.        :
---------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, RELIANCE COMMODITIES, LLC (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, CEMENTAI GROUP INTERNATIONAL LIMITED (hereafter referred to as "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a company duly organized and operating under the laws of Florida.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

4. On July 3, 2006, the parties entered into an agreement providing for the sale and delivery of cement by sea.

5. Pursuant to the contract, the cement was to be shipped by sea pursuant to the terms specified therein.

6. Article 6 of the contact provides that "[l]oadings shall be affected at the seller's cost and expense, with vessel's cranes, and with the shore equipment and the labour of the Seller at loading port, China Shenzen one safe port, one safe berth always accessible, always afloat, with a minimum draft of 12.5 miles."

7. Article 7 of the contract further provides that demurrage and dispatch will accrue as per the charter party.

8. The charter party dated July 13, 2006, under which the cement was shipped, was thereby incorporated into the contract of sale and delivery.

9. During the course of the charter, a dispute arose between the parties regarding Defendant's failure to pay demurrage due and owing to Plaintiff under the contract of sale and delivery and the charter party incorporated therein.

10. As a result of Defendant's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $150,968.23, exclusive of interest, arbitration costs and attorneys fees.

11. Pursuant to the contract of sale and delivery, all disputes arising thereunder are to be submitted to arbitration in Hong Kong with English Law to apply.

12. Plaintiff is preparing to initiate arbitration on its claims.

13. Despite due demand, Defendant has failed to pay the amounts due and owing under the contract of sale and delivery and charter party incorporated therein.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in Hong Kong arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts under the final arbitration award:

| | | |
|---|---|---:|
| A. | Principal claim: | $150,968.23 |
| B. | Estimated interest on claim:<br>3 years at 6.5% compounded quarterly | $32,250.13 |
| C. | Estimated attorneys' fees and arbitration costs: | $55,000.00 |
| **Total** | | **$238,218.36** |

15. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

16. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$238,218.36** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

      C.     That pursuant to 9 U.S.C. §§ 201 et. seq. this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

      D.     That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

      E.     That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
May 23, 2007

                                      The Plaintiff,
                                      RELIANCE COMMODITIES, LLC

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050
facsimile (212) 490-6070
nrp@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          May 23, 2007

_____
Nancy R. Peterson