432-08/DJF

FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Defendant
CEMENTAI GROUP INTERNATIONAL LIMITED
80 Pine Street
New York, New York 10005-1759
Michael E. Unger, Esq. (MU 0045)
Daniel J. Fitzgerald, Esq. (DF 6313)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
RELIANCE COMMODITIES, LLC,

              Plaintiff,

   -against-

CEMENTAI GROUP INTERNATIONAL
LIMITED,

             Defendant.
-----------------------------------------------------------x

07 CIV. 4024 (SAS)

ECF CASE

**VERIFIED ANSWER WITH
COUNTERCLAIMS**

      Defendant, CEMENTAI GROUP INTERNATIONAL, LIMITED (hereinafter "CEMENTAI") by and through its attorneys, Freehill, Hogan & Mahar, LLP, responds, upon information and belief to the Verified Complaint as follows:

    1.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "1" of the Verified Complaint.

    2.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "2" of the Verified Complaint.

    3.    Admits the allegations contained in Paragraph "3" of the Verified Complaint.

    4.    Admits the allegation contained in Paragraph "4" of the Verified Complaint.

NYDOCS1/311214.1

5. Admits the allegation contained in Paragraph "5" of the Verified Complaint.

6. Admits the allegation contained in Paragraph "6" of the Verified Complaint.

7. Admits the allegation contained in Paragraph "7" of the Verified Complaint.

8. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "8" of the Verified Complaint.

9. Admits that a dispute arose between the parties, but except as so specifically ADMITTED, DENIES the remaining allegations contained in Paragraph "9" of the Verified Complaint.

10. Denies each and every allegation contained in Paragraph "10" of the Verified Complaint.

11. Admits the allegations contained in Paragraph "11" of the Verified Complaint.

12. Admits that Plaintiff's claims were submitted to Arbitration.

13. Admits that Defendant has not paid the amounts demanded by Plaintiff, but except as so specifically ADMITTED, DENIES the remaining allegations contained in Paragraph "13" of the Verified Complaint.

14. Admits that interest, costs, and attorney's fees are routinely awarded to the prevailing party in Hong Kong arbitration pursuant to English law, but except as so specifically ADMITTED, DENIES the remaining allegations contained in Paragraph "14" of the Verified Complaint.

15. That Paragraph "15" of the Verified Complaint calls for legal conclusion to which no answer is required, but to the extent a response is required, denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15" of the Verified Complaint.

16.   No response is required to the allegations contained in Paragraph "16" of the Verified Complaint.

**FURTHER ANSWERING THE COMPLAINT AND AS AND FOR SEPARATE PARTIAL AND OR COMPLETE DEFENSES THERETO, DEFENDANT ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

17.   Complaint fails to state a cause of action upon which relief may be granted.

18.   Plaintiff has improperly and /or insufficiently served process upon Defendant.

19.   Plaintiff has failed to mitigate its damages.

20.   Venue is improper before this Court insofar as Plaintiff seeks an adjudication of the merits of the dispute.

21.   This matter should be dismissed under the doctrine of *forum non conveniens*.

22.   Any damages, if any, suffered by Plaintiff, which are denied, were caused by the contributory negligence of the Plaintiff or others.

23.   Plaintiff is not the real party in interest.

24.   This matter was subject to arbitration and Plaintiff's claim should be dismissed in accordance with the results of the arbitration completed in Hong Kong on April 2, 2008, pursuant to the agreement of the parties.

**AS AND FOR DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF:**

25.   This counterclaim arises out of the same transaction or occurrence with respect to which the action was originally filed. Plaintiff RELIANCE COMMODITIES, LLC ("RELIANCE") has attached funds belonging to Defendant CEMENTAI to serve as security to respond to Plaintiff's alleged damages.

26.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333 in that it involves a claim relating to an agreement providing for the sale and delivery of cement by sea.

27.     At all times material hereto, the Plaintiff and Counter-Defendant was and still is a company duly organized under the laws of Florida.

28.     At all times material hereto, Defendant and Counter-Claimant CEMENTAI was and still is a foreign business entity organized and existing under the laws of a foreign country.

29.     On or about July 3, 2006, the parties entered into an agreement providing for the sale and delivery of cement by sea.

30.     Article 7 of the agreement incorporated the demurrage and despatch of the charter party.

31.     On or about July 13, 2006, RELIANCE nominated the M/V GOLDBEAM TRADER to ship 60,000 +/- 5% metric tons of clinker in bulk under the terms of the contract between the parties.

32.     During the course of the charter, a dispute arose between the parties. RELIANCE alleged CEMENTAI owed it demurrage pursuant to the charter party. CEMENTAI alleged RELIANCE owed it despatch pursuant to the charter party.

33.     On May 23, 2007, this Court issued an Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment as to CEMENTAI's funds up to the sum of $238,218.36.

34.     Subsequently the Clerk issued Process of Maritime Attachment and Garnishment of any assets of CEMENTAI and funds in the sum of $238,218.36 were restrained at one or more garnishee banks on September 18, 2007.

35. Pursuant to the terms of the relevant agreement, the dispute was referred to a sole arbitrator, Mr. Philip Yang, located in Hong Kong.

36. On or about April 2, 2008, Arbitrator Yang issued a final award rejecting RELIANCE'S demurrage claim and instead, decided in favor of CEMENTAI'S despatch claim.

37. The final arbitration award ordered RELIANCE to pay forthwith the following:

   a. The sum of $14,583.15 to CEMENTAI for despatch (with interest from September 15, 2006 until the actual date of payment);

   b. The arbitrator's costs of HK$49,500 (US$6,346.00); and

   c. CEMENTAI'S legal costs of the arbitration.

38. Despite due demand for payment by CEMENTAI, RELIANCE has refused or has otherwise failed to pay and has not released the funds which were wrongfully restrained on September 18, 2007.

39. In addition to damages for its outstanding despatch award and legal costs against Plaintiff RELIANCE, CEMENTAI also seeks recovery of interest on its restrained funds and the anticipated attorneys' fees and costs associated with enforcing the foreign judgment.

40. As nearly as presently can be computed, CEMENTAI is entitled to counter-security from RELIANCE in respect of the following:

   a. Despatch award (with interest from September 15, 2006 – September 15, 2009) in the sum of $18,060.70;

   b. Legal fees and costs incurred by CEMENTAI in conjunction with the Hong Kong arbitration which are recoverable pursuant to English law and known to be in the sum of $17,270.00;

   c. Interest on the above legal fees and costs in the amount of $2,767.03, calculated on the above sum at the rate of 7.5% per annum, compounded quarterly, for 2 years, the

estimated time it will take to enforce the foreign judgment, which interest is recoverable under English law;

d.  Interest on the funds wrongfully restrained by RELIANCE in the sum of $59,487.03, calculated at the rate of 7.5% annum compounded quarterly from September 18, 2007 to the estimated time it will take to enforce the foreign judgment.

e.  Estimated attorneys fees and expenses incurred with the recognition and enforcement of the foreign arbitration award of April 2, 2008 in the sum of $12,000;

For a total of **$109,584.76.**

41.  Defendant CEMENTAI lacks counter-security for its counterclaim.

WHEREFORE, Defendant CEMENTAI prays as follows:

(a) that Plaintiff/Counter-Defendant be directed to provide Defendant CEMENTAI with countersecurity in a sum of **$109,584.76**;

(b) that the attachment of its funds be vacated and that CEMENTAI recover damages for wrongful attachment by having its funds restrained under circumstances where Plaintiff admittedly had no claim against CEMENTAI;

(c) that the Court dismiss Plaintiff's action after the posting of countersecurity and reserve jurisdiction to enter judgment on the foreign judgment recently obtained in favor of Defendant and against Plaintiff for enforcement against the countersecurity posted; and

(d) that Defendant has such other and further relief as the Court deems proper in the premises.

Dated: New York, New York
September 4, 2008

                                      FREEHILL, HOGAN & MAHAR, LLP
                                      Attorneys for Defendant
                                      CEMENTAI GROUP INTERNATIONAL
                                      LIMITED,

                                      By: _____/s/_____

                                      Mike E. Unger, Esq. (MU-0045)
                                      Daniel J. Fitzgerald, Esq. (DF-6313)
                                      80 Pine Street
                                      New York, NY  10005-1759
                                      Telephone: 212 425-1900
                                      Facsimile:  212 425-1901

TO:    LENNON, MURPHY & LENNON LLC
        Attorneys for Plaintiff
        The Graybar Building
        420 Lexington Avenue, Suite 300
        New York, New York  10170
        Attn:   Patrick F. Lennon, Esq.
                 Nancy R. Peterson, Esq.
        (212) 490-6050 – phone
        (212) 490-6070 - facsimile

## **ATTORNEY AFFIRMATION**

STATE OF NEW YORK   )
                                   :ss.:
COUNTY OF NEW YORK )

      I, MICHAEL E. UNGER, an attorney at law, duly admitted to practice in the Courts of the State of New York makes this affirmation as follows:

      1.    I am the attorney of record for CEMENTAI GROUP INTERNATIONAL LIMITED in the above matter and have read the foregoing Verified Answer to Plaintiffs' Verified Complaint, know the contents thereof upon information and belief, and I believe the matters alleged therein to be true.

      2.    The reason this Verification is made by me and not by CEMENTAI GROUP INTERNATIONAL LIMITED is that the Defendant is a foreign corporation, none of whose officers are presently within the County in which I maintain my offices.

      3.    The source of my information and the grounds for my belief are communications, papers and reports contained in my file.

                                                                                       _____
                                                                                            Michael E. Unger

## CERTIFICATE OF SERVICE

     I hereby certify that on September 4, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA CM/ECF AND REGULAR MAIL**

Lennon, Murphy & Lennon, Inc.
Attorneys for Plaintiff
The Graybar Building
420 Lexington Avenue, Suite 300
New York, New york 10170
Attn:  Patrick F. Lennon, Esq.
       Nancy R. Peterson, Esq.

_/s/ Daniel J. Fitzgerald_
Daniel J. Fitzgerald

NYDOCS1/311862.1